IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TODD E. PEACE | ) | CASE NO. 1:10CV1830 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| OHIO DEPARTMENT OF | ) | MEMORANDUM OF OPINION |
| CORRECTIONS AND | ) | AND ORDER |
| REHABILITATION, et al. | ) | |
| | | |
| Defendants. | | |

Plaintiff *pro se* Todd E. Peace, incarcerated in the Mansfield Correctional Institution, Mansfield, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the Ohio Department of Rehabilitation and Corrections,[1] Mr. Moore, Mansfield Correctional Institution, Keith Smith, Tender Loving Care Dog Training Program and Ms. Blankenship. Also before the Court is Plaintiff's Motion for Summary Judgment. (ECF 3). He alleges that he was a participant in the prison's Tender Loving Care Dog Training Program. He was given a dog to train, but was terminated from the program when he and the dog failed the test. Plaintiff asserts that he was tested by an inmate who treated him differently by ordering him to command the dog outside of usual test procedure. He asserts that Ms. Blankenship told him he needed to quit the program but he refused to do so. There are no allegations against any of the other named Defendants. Plaintiff requests reinstatement into the program and $200,000.00 in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

---

[1] The correct name is the Ohio Department of Rehabilitation and Correction ("ODRC").

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. An inmate must establish the deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). A prisoner has a narrower liberty interest than other citizens as lawful incarceration results in the necessary withdrawal or limitation of many privileges and rights. *Hines v. Ford*, 2010 WL 3069559 * 1 -2 (N.D. Ohio, Aug. 2, 2010) (citing *Sandin v. Conner,* 515 U.S. 472, 485 (1995). The Supreme Court has held that a prisoner has no constitutional right to vocational training, rehabilitative programs or prison jobs. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *Newsom v. Norris,* 888 F.2d 371, 374 (6th Cir.1989); *Smith v. Lief*, 2010 WL 411134* 3 (E.D. Ky., Jan. 27, 2010).

Also, Plaintiff has not established a cause of action under the Eighth Amendment. Only extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Huffman v. Ohio*, 2010 WL 15399613 3 (N.D. Ohio, Apr. 16,2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

The ODRC is an Ohio agency. *Collins v. Ohio Department of Rehabilitation and Correction*, 2007 WL 2769592 * 2(S.D. Ohio Sep. 18, 2007). The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal

court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984)). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009 WL 3126285 at * 3.   Rev.Code Ann. § 2743.02(A)(1) (West 2009). Therefore, the ODRC is immune from suit for money damages and must be dismissed as a party defendant.

Prisons are not legal entities capable of being sued. Rather, they are facilities owned and provided for by the State of Ohio. *Huffman,* 2010 WL 1539961 at * 2. As noted above, claims against the State of Ohio are barred by the Eleventh Amendment. *Latham v. Office of Atty. Gen. Of State of Ohio,* 395 F.3d 261, 270 (6th Cir. 2005). Therefore, any claim against the Mansfield Correctional Institution is dismissed.

To the extent that any Defendant is a supervisor, the Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). *See Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio, 2008)(liability of a defendant under § 1983 cannot be based solely on the right to control employees, or simple awareness of employees' misconduct), *rev'd on other grounds*, 617 F.3d 828 (6th Cir. 2010). Because proof of personal involvement is required, liability cannot be imposed under *respondeat superior*. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Again, there is nothing in the Complaint indicating that an individual Defendant participated in the alleged

violation. Ms. Blankenship merely told Plaintiff to quit the program and he refused to do so.

Plaintiff contends that he is entitled to summary judgment because the Defendants have not answered the Complaint. However, since he has applied to proceed *in forma pauperis*, they have yet to be served. As previously stated, a district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Rule 56(c)(2) of the Fed. R. Civ. P. allows summary judgment only if the movant is entitled to it as a matter of law. The Court has found that this action has no merit.

Accordingly, Plaintiff's Motion for Summary Judgment is denied. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: 11/8/10 /s/ Patricia A. Gaughan
JUDGE PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE